**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alexander QUINTANA, Defendant—**
**Appellant.**

**No. 07–30402.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2008.

Filed July 24, 2008.

Thomas J. Hanlon, Assistant U.S., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Kraig Gardner, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Alexander Quintana appeals the district court's denial of his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ The district court did not err in denying Quintana's motion to suppress. Investigatory stops are permissible "if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. Berber–Tinoco*, 510 F.3d 1083, 1087 (9th Cir.2007) (citation and internal quotation marks omitted). The "reasonable suspicion" required for a *Terry* stop may be satisfied by the collective knowledge of the police officers. *See United States v. Hensley*, 469 U.S. 221, 229–32, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); *Guerra v. Sutton*, 783 F.2d 1371, 1375 (9th Cir.1986) ("Law enforcement officers and agencies are entitled to rely on one another to a certain extent."). The officer who stopped Quintana had specific and articulable facts justifying a reasonable suspicion that the occupant of the vehicle was its owner and had committed a crime. Another police officer had observed the vehicle currently registered to a person known by the officer to recently have outstanding warrants. The driver of the vehicle, Quintana, matched the general description of the vehicle's registered owner. Quintana drove in an unusual manner, passing several empty parking spots and parking the vehicle be-

by 9th Cir. R. 36–3.

hind parked vehicles. The driver also quickly walked away from the vehicle. These facts, taken together, warrant a brief seizure of the vehicle's driver for further investigation. *See United States v. Cortez,* 449 U.S. 411, 417 n. 2, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) ("[A]n officer may stop and question a person if there are reasonable grounds to believe that person is wanted for past criminal conduct.")

When the driver of the vehicle provided the officer with a name, but no identification, it was permissible for the officer to perform a records check on the name "Alexander Quintana" to verify Quintana's identity. *See United States v. Christian,* 356 F.3d 1103, 1107 (9th Cir.2004). Upon doing so, the officer discovered Quintana was driving with a suspended license. The officer then had probable cause to arrest Quintana.

Because Quintana's subsequent arrest for driving without a license was lawful, the search of his vehicle incident to arrest was also valid. *See New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *see also United States v. Osife,* 398 F.3d 1143, 1147–48 (9th Cir.2005) (holding that *Thornton v. United States,* 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004) did not overrule *Belton*). Accordingly, the district court did not err by denying Quintana's motion to suppress.

**AFFIRMED.**